UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL GUY ROGAN, | Case No. 19-CV-1881 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| VIRGINIA MANDAC, | |
| Defendant. | |

Michael Guy Rogan, pro se.

This matter is before the Court in connection with a letter written by plaintiff Michael Guy Rogan and dated January 13, 2020. ECF No. 12. Rogan submitted this letter in response to the January 2, 2020 Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois. ECF No. 11. In the R&R, Judge Brisbois recommends dismissing Rogan's complaint without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, and further recommends denying Rogan's application to proceed *in forma pauperis* ("IFP application") as moot. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R and agrees that dismissal of this action is warranted.

Rogan initially filed his complaint and IFP application on July 17, 2019. ECF No. 1. On September 27, 2019, Judge Brisbois issued an order explaining that Rogan's IFP application was deficient because it had not been signed and because it failed to

include a certified copy of Rogan's trust fund account statement for the full six-month period preceding the date the complaint was filed. ECF No. 10. Judge Brisbois explained that if Rogan intended to go forward with the case, he must either submit a completed IFP application or pay the filing fee within 30 days. Rogan took no action in response to this order, and on January 2, 2020, Judge Brisbois issued an R&R recommending dismissal of this action. ECF No. 11.

Rogan's January 13 letter does not raise any specific objection to the R&R, but merely asks the Court for "another chance at this." ECF No. 12. As described above, however, Rogan was alerted to the problems with his IFP application more than four months ago, yet he still has not filed a complete, signed application. In his letter to the Court, Rogan gives no indication that he will be able to submit a proper IFP application in the near future or that he will be able to litigate his claims going forward. Under the circumstances, the Court agrees with Judge Brisbois that dismissal for failure to prosecute is warranted. The dismissal will be without prejudice, however, and thus Rogan will be free to refile his complaint and IFP application if and when he is better able to pursue his claims and comply with the rules.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The R&R [ECF No. 11] is ADOPTED.

2. This action is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

3. Rogan's application to proceed *in forma pauperis* [ECF No. 2] is DENIED as moot.

4. Rogan's motion [ECF No. 4] is DENIED as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 5, 2020    s/Patrick J. Schiltz  
                                                                      Patrick J. Schiltz  
                                                                       United States District Judge